April 28, 2014

Osvaldo Reyes
69807-004
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

U.S District Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, Room 1050
Camden, New Jersey 08102-1570

Honorable Clerk:

Enclosed please find for filing my petition for habeas corpus pursuant to 28 U.S.C. § 2241. Also enclosed please find a check for $5.00 filing fee.

I thank you for your time and consideration in this matter.

Sincerely,

Osvaldo Reyes
Pro se

cc:  File

RECEIVED

MAY 27 2014

AT 8:30 _____ M
WILLIAM T. WALSH CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Case No._____

OSVALDO REYES,
                    Petitioner,


v.


JORDAN HOLLINGSWORTH, WARDEN,
       FCI FORT DIX,
J.L. NORWOOD, REGIONAL DIRECTOR
  FEDERAL BUREAU OF PRISONS,
                          Respondents.

---

**PETITION FOR WRIT OF HABEAS CORPUS**
28 U.S.C. § 2241

---

Osvaldo Reyes
Pro se
#68907-004
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

RECEIV

MAY 27 2014

AT 8:30
WILLIAM T. WALSH

TABLE OF CONTENTS

Table of Authorities                                              ii

Jurisdictional Statement                                          1

Parties                                                           1

Exhaustion of Administrative Remedies Statement                   2

Grounds for Relief                                                3

        Pertinent Facts and Events                                4
        Due Process Violation                                     7

Prayer and Conclusion                                            12

Appendix                                                          A

        Table of Contents                                        Ai

TABLE OF AUTHORITIES

Cases                                                          Page(s)


Cleveland Board of Educ. v. Loudermill,
    470 U.S. 532 (1985)                                          10

Emri v. Eversham Twp. Bd of Educ., et al.,
    327 F. Supp. 2d 463 (D.N.J. 2004)                            11

Hamdi v. Rumsfeld,
    542 U.S. 507 (2004)                                           8

Kentucky Dep't of Corrections v. Thompson,
    490 U.S. 454 (1989)                                           8

Matthews v. Eldridge,
    424 U.S. 319 (1976)                                          10

McDaniels v. Flick,
    59 F.3d 446 (3d Cir. 1995)                                   11

Midnight Sessions, Ltd. v. City of Philadelphia,
    945 F.2d 667 (3d Cir. 1991)                                  10

Sandin v. Conner,
    515 U.S. 472 (1995)                                           3

Wolff v. McDonnell,
    418 U.S. 539 (1974)                                       3, 4, 8


Statutes, Rules and Other Authorities


28 C.F.R. § 523.20                                                3

28 C.F.R. § 544.73(b)(1)                                       4, 12

28 C.F.R. § 544.75                                                9

18 U.S.C. § 3624                                                  3

28 U.S.C. § 1392                                                  1

28 U.S.C. § 2241                                                  1

BOP Program Statement 5350.28                                    4

BOP Program Statement 5884.03                                    3

U.S. Constitution, Amendment V                                 2, 3

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

OSVALDO REYES,
Petitioner,

      v.

Case No._____

Jordan Hollingsworth, Warden
FCI Fort Dix,
J.L. Norwood, Regional Director,
Federal Bureau of Prisons,
Respondents.

——————————————————————————x

**PETITION PURSUANT TO 28 U.S.C. § 2241**

Osvaldo Reyes, the petitioner, avers and submits the following:

### JURISDICTION

1.  Petitioner seeks a writ of habeas corpus pursuant to
28 U.S.C. § 2241 since he is in custody under and by color of
the authority of the United States, and further, petitioner
has been deprived of his constitutional rights, and due to
this violation of the Constitution and the laws of the United
States  his term of imprisonment has been unfairly extended.

2.  This action against respondents is being brought in
the United States District Court of New Jersey pursuant to 28
U.S.C. § 1392(e) et al., because petitioner is a federal prisoner
currently incarcerated in the federal prison at Fort Dix, New
Jersey.

### PARTIES

3.  Petitioner is a federal inmate sentenced in 2002 to
a 195 months term of imprisonment.  He is a 42 year old Cuban
national and presently incarcerated in the Federal Correctional
Institution, in Fort Dix, New Jersey.

4. Respondent Hollingsworth is the Warden of FCI Fort Dix, Fort Dix, New Jersey, and thus petitioner is under his direct custody and control. Respondent Norwood is the Regional Director of the Northeast Region of the Federal Bureau of Prisons and has jurisdiction over the administrative appeal process available to petitioner and who denied the relief requested and now at issue in the instant proceedings.

5. The respondents are named in this action because they have custody of and control over petitioner, and moreover, they are responsible for the unlawful detention and restraint of petitioner by violating important and fundamental statutory and regulatory rights that also effectuate his constitutional due process rights guaranteed by the Fifth Amendment, and continue to impede, frustrate and prejudice these important and essential interests.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Petitioner initiated an administrative remedy process, seeking the restoration of 60 days Good Conduct Time (GCT). Petitioner completed all tiers or stages of the administrative appeal process. The Federal Bureau of Prisons (BOP) Central Office failed to issue a response or decision in the final tier of the appeal process, and therefore is considered denied. (See, attached Appendix).

7. Therefore, petitioner has exhausted all appeals available to him under the regulations and has no remedy other than this application for a writ of habeas corpus to correct the illegal and unconstitutional additional burdens added to his confinement.

2

## GROUNDS FOR RELIEF

8.   The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides: "No person shall ... be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.   In Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995) the Supreme Court reaffirmed its belief that good time conferred by statute was an interest of "real substance" protected by due process, where said statute or regulations sufficiently limit prison officials discretion in its deprivation.   Id., 515 U.S. at 477-78 (citing Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974).

9.   The BOP regulation concerning Good Conduct Time credits states:

> (c) For inmates serving a sentence for an offense committed on or after April 26, 1996, the Bureau will award (1) 54 days credit each year served ... if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma or (2) 42 days credit for each year served ... if the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma.

18 U.S.C. § 3624; see also 28 C.F.R. § 523.20 and BOP Program Statement 5884.03 (GCT).

10.   BOP regulations further provide that an inmate "shall be deemed to be making satisfactory progress toward earning a GED credential or high school diploma" unless and until one of the following occurs:

> (i) The inmate refuses to enroll in the literacy program;
> (ii) The inmate has been found to have committed a prohibited act that occurred in a literacy program during the last 240 instructional hours of the inmate's most recent enrollment in the literacy program; or
> (iii) The inmate has withdrawn from the literacy program.

3

28 C.F.R. § 544.73(b)(1); BOP Program Statement 5350.28, Literacy Program (GED STANDARD).

11.    Since these regulations created a right to 54 days of good time credit per year as opposed to only 42 days, "the prisoner's interest has real substance" and "entitle[s] him to those minimum procedures appropriate under the circumstances  and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated."  Wolff, supra, 418 U.S. at 557.

## Pertinent Facts and Events

12.    Petitioner submits that none of the events enumerated in § 544.73 ever transpired in the instant case.  Rather, in 2006, during an interview with education staff members certain key and important points were established.  During this interview said staff members clearly expressed their confidence that petitioner had indeed achieved an education degree in Cuba that would be considered equivalent or higher than a U.S. high school diploma based on at least two observations: first, his apparent and demonstratable skills and highly developed aptitude,  second, they knew, based on their professed familiarity with Cuba's mandatory and strictly enforced school attendance policy for all its young citizens, it would have been very unlikely that he had not been required and even forced to attend school and attain said level of education.  Said staff members, however, told petitioner that efforts still had to be made to produce verification of said school credentials and stated they would assist in contacting the school, but upon conferring with another collegue, they in-

4

formed petitioner that he would have to make the effort to con-
tact the Cuban officials himself, since diplomatic and political
communication between countries were practically non-existent,
and that there were bureaucratic barriers and prohibitions that
prevented them from trying to communicate with Cuba and its
dictatorship government directly, for whatever reason. Thus,
began petitioner's arduous endeavor to try to attain these cre-
dentials from Cuba's communist regime. (See, Appenix, at ρ. 14
(A14) Petitioner's December 3, 2006 letter to the Cuban embassy).

13. Subsequent to said interview, in a chance and informal
encounter with one of said members of education at FCI Marianna
petitioner relayed his numerous efforts at trying to contact
Cuban officials in order to attain the needed verification, and
that he had even enlisted the help of various family members,
including his mother. In this conversation, petitioner retold
the many obstacles his family and he were facing from both sides,
since the government of Cuba as well as the United States were
implementing various restrictions on travel and mail. The staff
member simply said that she was also aware of the inherent poli-
tical issues involved and but encouraged petitioner not to give
up, and instead told him to keep trying. During this period,
petitioner's mother had made one of several attempts to travel to
Cuba, but was refused due to the U.S. embargo and other political
restrictions on Cuba.

14. In 2007, petitioner was transferred from FCI Marianna
without being interviewed again by said education staff members.
While petitioner had arrived at Fort Dix in 2007 he was never
interviewed by school and education staff until 2011, when it

5

was confirmed by education staff   that he was on "GED Unsatisfac-
tory" status, and had been since 2006 and had already lost GCT
credit.   Contrary to Supervisor of Education (SOE) Douglas
Watford's assumptions and later contentions, petitioner had
never been counseled nor warned that he was to start losing good
time after a specific date or deadline if he had either failed
to produce said credentials or enroll in the GED class.   When
asked the date of this deadline or when petitioner was to have
allegedly refused, Mr. Watford simply said he did not know, nor
could he provide documentation nor details of this alleged
"counseling" nor of his refusal to enroll.

15.   Petitioner once again turned to the help of his family
and begged for their assistance in this matter.   They in turn
renewed their efforts and again petitioned both governments for
a travel permit, which was finally granted.   After pooling their
limited resources and even borrowing money for the airfare and
expenses, petitioner's family were able to send his mother to
Cuba where she met with various government and school officials
and was able to arrange for verification of said credentials to
be sent to education staff members in Fort Dix.

16.   Petitioner was subsequently informed that 60 days of
GCT credit would not be restored to him.   Petitioner then filed
a request for an administrative remedy and appeal, which was
denied.by Hollingsworth.   Petitioner then appealed to Norwood
and to the Central Office, and was also denied, thus rendering all
of his available administrative remedies effectively exhausted.
(See, attached Appendix).

6

**Due Process Violation**

17. Petitioner submits that the BOP education officials violated his constitutional and statutory rights when they assigned him to the status of "GED Unsatisfactory," thus, depriving him of good time credit without affording him even the most minimum required procedures as mandated by the Due Process Clause. Said education staff members never informed petitioner that he had a specific date in which to either produce his school credentials, enroll in the GED glass, or start losing GCT. On the contrary, petitioner was given every reason to believe that since his case was anything but ordinary - his school was located in communist Cuba and the diplomatic and communication nightmare that entailed - and because he had made so many diligent efforts to attain these documents, without the help or assistance of the BOP officials, that he was being afforded due or special consideration. Petitioner believed that the education officials at FCI Marianna not only understood that any failure to produce said verification was not his fault, but was due, at least in part, to U.S. diplomatic policies against Cuba, and had decided not to subject him to the redundant and humiliating task of retaking a level of education he had achieved back in his childhold. To turn around and place petitioner on GED Unsatisfactory status without forewarning violates not only all canons of fairness and justice but can be accurately categorized as arbitrary and capricious.

18. Respondents may be heard to say that while it has been established that a prisoner retains the protections of the Due Process Clause, it has also been held that such protections are

7

ultimately "subject to restrictions imposed by the nature of the regime to which [prisoners] have been lawfully committed ... In sum, there must be mutual accomodation between institutional needs and objectives and the provisions of the constitution that are of general application." Wolff, 418 U.S. at 556.  The question of paramount importance here, however, is "whether the procedures attendant upon that deprivation were constitutionally sufficient." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L. Ed. 2d 506 (1989) (internal citations omitted). At very minimum, due process requires notice of an opportunity to be heard.  Hamdi v. Rumsfeld, 542 U.S. 507, 533, 124 S.Ct. 2633, 159 L. Ed. 2d 578 (2004) (the "central meaning of procedural due process [is the persons] whose rights are to be affected are entitled to be heard, and in order that they may enjoy that right they must first be notified").  Therefore, respondents deprived petitioner of the minimum required due process protections of adequate and meaningful notice when they failed to notify him that he was going to incur  loss of good time credit if he did not produce the credentials or enroll in the GED class by a certain deadline.  The respondents have yet to even identify what that date actually is.  Simply, had petitioner been thus advised, he would  have opted to attend the class than lose good time.

19.  Moreover, the egregiousness of this determination persisted and was further compounded after his arrival at FCI Fort Dix for at least 4 more additional years (at a lost of 12 days per year) when Mr. Watford and other education officials failed to screen and  interview petitioner in a timely and prompt manner as required

8

by BOP rules and regulations. See, BOP Program Statement 5350.
28(d): "However, [the SOE] must review the ... GED needs and
Progress Assignments of all newly admitted or transferred inmates
as part of the education procedures for the Admission and Orien-
tation Program." See also, 28 C.F.R. § 544.75, that requires
that disciplinary action be taken against inmates who refuse to
enroll. As the Court will note, no disciplinary action was ever
taken against petitioner, whether at FCI Marianna nor at Fort Dix,
for refusing to enroll in the GED program. Simply, there is no
documentation or evidence, such as a signed refusal form, that
indicates that petitioner had been informed and notified of the
an alleged deadline in which he had to provide the required
credentials or enroll in the GED class, or that would show he
had refused enrollment. Petitioner was informed of his GED
status and lost of good time during a routine institutional
review with "Unit Team" members, in 2011. At no time was he
notified before said review in 2011 that the education officials
were claiming that he had been losing good time for not being
able to produce the credentials and refusing to enroll in the GED
class.

20. Conspicious in its absence is the allegation by either
the Warden or the Regional Director that petitioner refused or
withdrew from the GED program. The warden simply states that
"[o]rdinarily, inmates have 60 days from their arrival at the
institution to provide documentation of a high school or GED
credential." (Appendix at pp. A5-6). The respondent Norwood
likewise does not make the allegation at anytime that petitioner

9

refused or withdrew from the GED program, but simply echoes the Hollingsworth's rationale, stating that an "inmate must try to get verification information "of his credentials" and that "an inmate may complete a Request for Education Records and give it to the SOE, who will forward it to the appropriate school or agency," and that "an inmate who cannot verify this information must participate in literacy programming." (A9). Therefore, Petitioner is being punished for missing an alleged deadline, a deadline he was never informed of, and one that still has not been identified. SOE Watford continued on this egregious course of action, seemingly on nothing more than the assumption that petitioner has refused to enroll based on the delay in attaining said papers. The essential missing fact of paramount importance here and which respondent failed to demonstrate is 1) the actual deadline by which he was instructed to produce said papers or enroll in the GED class, and 2) his actual refusal to enroll.

21. It has been established that the protections afforded by the due process clause varies on a case by case basis and is determined by balancing the factors articulated by the United States Supreme Court in Matthews v. Eldridge, 424 U.S. 319, 335, 96 S. Ct. 893 (1976). However, the courts are also in agreement, that the minimum required protections and safeguards "requires that a deprivation of [protected interests] 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" Midnight Sessions, Ltd. v. City of Philadelphia, 945 F.2d 667, 680 (3d Cir. 1991) (quoting Cleveland Board of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S. Ct. 1487 (1985).

22. Here, there was no notice given to petitioner of any deadline and the ultimatum he would have been faced with in case of such an event. Had he been informed accordingly, he would have either asked for more time and even filed an official administrative remedy request, asking for an official tolling or extension of time, which it would only be reasonable to expect for such a request to have been granted due to the foregoing mentioned circumstances, and/or he would have enrolled in the program. Instead, he was lead to believe that he was in good standing because of his efforts, without the BOP's assistance, and which were frustrated by government policies and circumstances outside his control. Therefore, the BOP failed to provide adequate pre-deprivation protection, that would have afforded petitioner meaningful and fair notice and opportunity to respond. Emri v. Evesham Twp. Bd. of Educ., et al., 327 F.Supp.2d 463 (D.N.J. 2004) (citing McDaniels v. Flick, 59 F.3d 446 (3d Cir. 1995)).

23. It should be noted that there would be no reason for petitioner not to produce evidence of his school credentials, which he eventually did when it became possible. There is no indication that he was anything but diligent and dutiful in his efforts, especially under the extraordinary circumstances that presented themselves when he, and his family, were forced to deal with Fidel Castro's regime, and in light of the fact that the respondents would, or could not help him as they normally would (could). Further, there is no indication that any delay was due to circumstances within his control or influence, just as there is no proof that the respondents acted in a reasonable and fair manner.

11

24. As noted above, 28 C.F.R. § 544.73(b)(1) states in un-ambiguous and mandatory language that an inmate must be deemed to be making satisfactory progress toward earning a GED credential or high school diploma unless he either refuses to enroll in the literacy program, receives a discplinary disposition for actions related to or while in the program, or he withdraws from the pro-gram. (emphasis added). The petitioner has not committed any of the foregoing described actions, and the respondents have failed to allege, much less demonstrate, that he has. Therefore, the education staff members have failed to adhere to the strictures of their own rules, and have deprived petitioner of good time in an arbitrary and capricious manner.

25. Petitioner has not previously filed a similar action or suit with this or any other court, and there are no other pending matters related to the instant action and relief sought in any other court or jurisdiction.

PRAYER

**WHEREFORE,** petitioner prays that the Court grant the relief herein requested, and issue a writ of habeas corpus directed to respon-dents, ordering the restoration of the 60 days lost of good time conduct credit, and for such and further relief as the Court deems just and proper.

Dated:   April 18, 2014                 Respectfully submitted,

Osvaldo Reyes
Petitioner Pro se
#68907-004
FCI Fort Dix
Fort Dix, New Jersey 08640

12

**APPENDIX**

A

APPENDIX TABLE OF CONTENTS

First Step in the Administrative Remedy Process    A1-3

Second Step                                            A4

Warden's Response                                   A5-6

Third Step                                          A7-8

Regional Director's Response                          A9

Fourth and Final Step                              A10-11

Letter of Inquiry to the BOP Central Office          A12

Central Office's Notice of Denial                    A13

Letter to Cuban Embassy                              A14

FCI Ft. Dix New Jersey
ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES

## INFORMAL RESOLUTION FORM BP-8

NOTE TO INMATE:  You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-229(13) (old BP-9), you MUST attempt to informally resolve your complaint through your Correctional Counselor. Briefly state ONE complaint below and list what efforts you have made to resolve your complaint informally and state names of staff contacted.

Date Form Issued and Initials of Correctional Counselor: _AW_  _12/20/12_

INMATES COMMENT:

1. Complaint: Request for restoration of GCT which was taken away due to failure to produce Verification of High School Diploma.  This Verification was, in fact, provided on March 31, 2011.  See Attachment A, Inmate Educational Data.  Please see supplemental info attached

2. Efforts made by you to informally resolve: BP-S148 (Cop-out) was sent to Education Supervisor on December 11, 2012.  On December 18, 2012, the request was denied, see Attachment B

3. Name of staff you contacted: Mr. Watford, Supervisor of Education, Unit Team for BP-8.

Date Returned to Correctional Counselor: _____

_Osvaldo Reyes_
Osvaldo Reyes   68907-004   12/27/2012

| Inmate's Name | Registration Number | Date |

CORRECTIONAL  COUNSELOR'S COMMENTS:

1. Efforts made to informally resolve and staff contacted: _as of_ _1/28/2013_
_I Have not Received Any Response from the Education Department._

Date informally Resolved: _____     Signature: _____
            or                                              Counselor
Date BP-229(13) Issued:  _1/28/13_

Unit Manager

If complaint is NOT informally resolved: Forward original attached to bp-229(13)  form to the Warden's secretary

Osvaldo Reyes  82-8  December 27, 2012

BACKGROUND AND SUPPORTING INFORMATION

Upon arrival into the Prison System, I did not have in my possession proof of my High School Diploma. In May 2006, while I was held at "Marianna" Medium Holding, I was informed that I needed to produce the proof and advised that if I did not produce the proof and did not enroll in GED class, that my GCT might be impacted. I was not advised of any time limitation to produce the proof.

I am a Cuban Refugee. Communicating with the Communist Government in Cuba is extremely challenging. Even Postal service is unreliable. It was not until my mother was able to save enough money for a trip to Cuba that she was able to visit the appropriate agencies to obtain the verification documentation.

I was initially penalized 120 days GCT. While sixty (60) days credited back to me, I believe that the entire 120 days should have been credited.

It is my understanding that in order for a sanction such as a denial of GCT to be imposed, an Incident Report should be issued and a disciplinary process initiated. No such process was followed and I was unaware that only 60 days had been returned to me.

Other than a minor procedural misunderstanding shortly after my arrival at Fort Dix, I have maintained a clean disciplinary record. Further, I have served as Instructor in the Hobbycraft Stick Art Program with dedication and a documented track record of graduating more than 40 students. Please see Instructor Bio,

Attachment C.

While I regret the delay in providing the Verification, the circumstances were not only difficult but were in fact beyond my control.

I respectfully request that the difficulty of the circumstances and my record of behavior and performance be taken into consideration with this request and that the 60 days GCT be credited back to me.

Respectfully submitted,

Osvaldo Reyes
Reg. No. 68907-004

U.S. DEPARTMENT OF JUSTICE                          REQUEST FOR ADMINISTRATIVE REMEDY

Federal Bureau of Prisons                                                                                A4

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | REYES, Osvaldo | 68907-004 | 5741 | FTD |
|-------|---------------|-----------|------|-----|
|       | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

I'am requesting that the loss of 60 days of Good Conduct Time (GCT) be awarded back to my sentence computation. This request is taken from Mr. Watford's allegations that I failed to show proof of verification of my High School Diploma, timely. [It should be consider that I should not be obligated to participate in GED/ESL if I could not obtain my HS Diploma in a timely matter, for reasons not under my control.] Furthermore, It is Education Department's responsability owed to me to contact the School I graduated of and seek verification. Don't put the burden on me Mr. Watford. Therefore, I am seeking that the loss of GCT for allegations of not producing my High School Diploma timely should be restored back into my sentence computation.

BP8 was attempted without a response as of 1/28/2013.

1/30/2013.
_____
DATE

Osvaldo Reyes
_____
SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____
DATE

_____
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: 721373-F1

_____
CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____
DATE

_____
RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)
APRIL 1982
USP LVN

REYES, Osvaldo
Register No. 68907-004
Remedy No. 721373-F1

## Part B - Response

This is in response to your Request for Administrative Remedy in
which you seek restoration of 60 days Good Conduct Time (GCT). You
indicate that you should not be obligated to participate in GED/ESL
because your failure to obtain proof in a timely manner was due to
reasons not under your control.

A review of this matter reveals you are sentenced under the guidelines
of the PLRA. Title 28 C.F.R. § 523.20(c) provides, for inmates
serving a sentence for an offense committed on or after April 26,
1996, the Bureau will award (1) 54 days credit for each year served
(prorated when the time served by the inmate for the sentence during
the year is less than a full year) **if the inmate has earned or is
making satisfactory progress toward earning a GED credential or high
school diploma;** or (2) 42 days credit for each year served (prorated
when the time served by the inmate for the sentence during the year
is less than a full year) **if the inmate has not earned or is not
making satisfactory progress toward earning a GED credential or high
school diploma.**

According to Program Statement 5350.28, Literacy Program (GED
Standard) at p. 28, an inmate subject to the PLRA shall be deemed
to be making satisfactory progress toward earning a GED credential
or high school diploma until that inmate receives a progress
assignment confirming at least one of the following: (1) **the inmate
refuses to enroll in the literacy program;** (2) the inmate has been
found to have committed a prohibited act that occurred in a literacy
program during the last 240 instructional hours of the inmate's most
recent enrollment in the literacy program; or (3) the inmate has
withdrawn from the literacy program. See also 28 C.F.R. § 544.73.

Program Statement 5350.28, page 22 states, "when there is no adequate
information to verify an inmate's high school diploma or GED
credential, the inmate must try to get verification information.
To do this, an inmate may complete a Request for Education Records
form (BP-S812.053) and give it to the SOE, who will forward it
to the appropriate school or agency. An inmate may request the
form from an education staff member." An inmate who cannot get
information to verify high school completion must participate
in the literacy program. Ordinarily, inmates have 60 days from
their arrival at the institution to provide documentation of a
high school diploma or GED credential.

Our records indicate that you have been in BOP custody since 2003,
and did not provide proof of your high school diploma until March

**REYES, Osvaldo**
Register No. 68907-004
Remedy No. 721373-F1

31, 2011.  The Bureau of Prisons gave you adequate time to supply
proof of your high school diploma, but in accordance with policy,
you were classified as GED unsatisfactory in FCI Marianna in 2006
and remained in that status until you supplied proof of your high
school completion in 2011.  As such, you were awarded only 42 days
of GCT during that time period, for a loss of 60 days.  Your GCT
was calculated in accordance with policy.  Accordingly, your request
to restore 60 days of GCT is denied.

If you are dissatisfied with this response, you may appeal to the
Northeast Regional Director, Federal Bureau of Prisons.  Your appeal
must be received in the Northeast Regional Office, U.S. Customs House,
2nd and Chestnut Streets, Philadelphia, PA. 19106, within 20 calendar
days of the date of this response.

J. Hollingsworth                                         2/25/13
Warden                                                   Date

| REYES, Osvaldo | 68907-004 | 5741 | FTD, NJ |
|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | REC. NO. | UNIT | INSTITUTION |

Part B - REASON FOR APPEAL

I am appealing because I am dissatisfied with the Warden's response to
Remedy No. 721373-F1, as such I am appealing on the following grounds:
1) The Warden fails  to acknowledge when denying my request seeking the
restoration of 60 days of Good Conduct Time (GCT) that, the record before
him holds a violation of the procedure of my right to be advised during
either Admissions and Orientation regarding my responsibility to provide
the necessary documentation to fill out a GED Verification form and that
education staff would assist me in the Verification process, however,
this right was never offered to me either verbally nor in writing. In stead,
the burden was placed on me in May 2006, while I was designated at Mariana
FCI - there I was only informed that I needed to produce proof and advised
that if I did not produce proof of my GED or high school diploma and did
not enroll in GED class, that my GCT might be impacted. Nor was I advised
of the 60 days from the arrival at the institution to provide the documen-
tation of a high school diploma or GED credential.

2/28/2013.
See, Attach for Continuation
of this appeal.

DATE                                           SIGNATURE OF REQUESTER

Part B - RESPONSE




DATE                                                    REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar
days of the date of this response.
ORIGINAL: RETURN TO INMATE                                    CASE NUMBER: _____

Part C - RECEIPT.

                                                             CASE NUMBER: _____

Return to: _____

        LAST NAME, FIRST, MIDDLE INITIAL              REC. NO.        UNIT            INSTITUTION

I wasn't till I observed the loss of GCT reflected on my Inmate Computation sheet that I reported to Mr. Watford, who then informed me that I was classified as GED unsatisfactory in FCI Mariana in 2006. At that time Mr. Watford nor his staff advised me of the procedure of my right to be advised concerning my responsibility to provide them the necessary documentation by filling out a GED Verification form and that education staff would assist me in the Verification process. In stead that burden was placed on me again, with the continuation of loss of GCT.

As a prisoner in custody and as a Cuban refugee, communicating with the Communist government in Cuba is extremey difficult and challenging. Even the postal service is unreliable. I was not until my mother was able to save enough funds/money for a trip to Cuba that she was able to visit the corresponding agencies to obtain the Verification of my high school credentials.

Because of the violation reflected above I am therefore, requesting the restoration of the 60 days loss of GCT in this instant case as it holds exceptional circumstances.

2) The Warden fails to recognize that I am an "alien who is subject to a final order of removal, deportation, or exclusion." 28 C.F.R. §523.20(d). Bureau of Prisons Program Statement has been revised, based on 28 C.F.R. §523.20, to exempt 'aliens' subject to final order of removal, deportation, or exclusion from the "satisfactory progress in a litaracy program" provision of the Prison Litigation Reform Act.

Because the appearance of the imposition of the classification as a "GED unsatisfactory placed in FCI Mariana in 2006" appears unlawful, I am requesting that it be removed of my INMATE EDUCATION DATA. And, the restoration of the loss of 60 days of GCT be restored.

Conclusion:

For the reason[s] set forth above relief be granted. See, Lan Dang v. Warden, 2012 U.S. Dist. LEXIS 25318 (Middle District of Pennsylvania). In support.

Date: 2/28/2013.                              _____
                                             Osvaldo Reyes
                                             68907-004

A9

REYES, Osvaldo
Reg. No. 68907-004
Appeal No. 721373-R1
Page One

---

### Part B - Response

You appeal the response from the Warden at FCI Fort Dix and claim 60 days Good Conduct Time (GCT) was removed because you did not provide verification of a high school diploma in a timely manner.  You claim you were initially unaware this was your responsibility and that your GCT would be impacted.  You also state you are a deportable alien and are excluded from the literacy programming provision of the Prison Litigation Reform Act (PLRA).  You request removal of the GED UNSAT and restoration of your GCT.

A review of your appeal revealed the Warden adequately addressed your complaint and explained Program Statement 5350.28 Literacy Program (GED Standard), as it relates to the PLRA and literacy programming.  In addition, an inmate's high school diploma or a GED credential is verified when the Supervisor of Education (SOE) receives documentation directly from the appropriate school or agency.  When there is no adequate information to verify an inmate's high school diploma or GED credential, the inmate must try to get verification information.  To do this, an inmate may complete a Request for Education Records form (BP-S812.053) and give it to the SOE, who will forward it to the appropriate school or agency.  An inmate may request the form from an Education Department staff member.  As indicated by the Warden, an inmate who cannot verify this information must participate in literacy programming.  Failure to participate will result in earning only 42 days of GCT.  In addition, deportable aliens sentenced under the PLRA who do not have a verified high school diploma or a GED, must also follow the satisfactory progress provision of the PLRA in order to earn the maximum amount of GCT.

Records indicate you were sentenced under PLRA with an August 15, 2002, date of offense.  A detainer was lodged on July 14, 2005, with the U.S. Immigration Service for possible deportation.  An Education progress assignment of GED UNSAT was applied on May 22, 2006, as you were not enrolled in literacy programming and there was no documented verification of your high school completion.  Based on this information, you are not entitled to restoration of GCT. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons.  Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: April 3, 2013

J. L. NORWOOD
Regional Director

ic

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | Osvaldo Reyes | 68907-004 | 5741 | fci Fort Dix |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL.**

Appellant appeals the decision and response by the Regional Director concerning the above-referenced appeal, requesting the restoration of his GCT.

The Regional Director's response to appellant's appeal states an "inmate must **try** to get verification information" concerning the high school/ GED credentials he is claiming. Appellant submits that he not only "try" but acutally attained said documents and verification, and did so through due diligence and great effort, including the recruitment of at least one family member, in order to aid him this task. These efforts should be viewed in light of the fact that he faced considerable obstacles when dealing with a stonewalling and uncooperative bureaucracy like Fidel Castro's communist regime. Any delay caused by Cuba's Government and their reluctance to aid a refugee in the United States should not be held against appellant. Said Said response further states that in order to get this verification info the inmate **"may** complete a Request for Records form and give it to the Soe, who willforward it to the appropriate school or agency. An inmate **may** request the form from an Education Department staff member." The reviewer of this appeal will note that appellant was never given any such instructions or

| DATE | (please see attached documents) SIGNATURE OF REQUESTER |
|---|---|

Part B—RESPONSE

| DATE | GENERAL COUNSEL |
|---|---|

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C—RECEIPT**                                   CASE NUMBER: _____

Return to: _____
                LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

Cont'd:

mandate.  These are no more than suggestions of what appellant could have icr-
coached in non-mandatory language (may as opposed to shall).  It does not
attest to any given instructions he was to follow nor any obligation of which
he was duly advised of.  There is no indication of any such instructions or
by staff members nor any offer of assistance to attain said credentials.
Appellant should not now be penalized for not using one non-mandated form or
method or the other.  Appellant diligently sought verification of his cre-
dentials, and did so in good faith and with sincerity, yet is being penalized
without regard.  Furthermore, as should be noted, there is no indication any-
where that appellant was instructed to attain said verification within a par-
ticular set period of time, and certainly was not advised of the consequences
for failure to meet said deadline.  He was never given any such advisement
nor is there any statutory, regulatory or case-law authority setting a certain
or specific time frame in which to attain said credentials.  The Warden's re-
sponse states that "[o]rdinarily, inmates have 60 days from their arival at
the institution to provide documentation of a high school diploma or GED
credential."  Nowhere is there an indication that appellant was ordered to
produce set verification during this or any other set period of time nor was
he ever advised of a specific deadline, whether based on local policy, federal
statute or BOP regulations.  Therefore, appellant was never given proper notice
of any such time requirements as would be required under Due Process and prin-
ciples of fairness especially since appellant had a liberty interest in sta-
tutory good conduct time credits.  See, McGill v. Martinez, 348 Fed.Appx. 718,
720 (3d Cir. 2009).  The 14th Amendment provides that appellant is entitled to
certain minimum procedures as required by the Due Process Clause in order to
guarantee that govrnment created rights are "not arbitrarily abrogated."
Wolf v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963.  Here, appellant was never
given any notice that said credentials would have to be received before a
certain date and that he would, irreversibly, lose good time if said deadline
was not met.  Moreover, it is still not clear what that deadline or cut-off
date actually is.  Therefore, appellant produced verification of his cre-
dentials  as soon as was possible, considering the circumstances, and never
was given any notice of a deadline and consequences of failing to meet said
cut of date or time and never refused participation in any education program,
and failure to restore his good time credits would result in legal error of a
constitutional mangitude.
   Moreover, 18 USC 3624(b)(1) and Prog Statement 5350.28 provides that an
inmate is only required to complete 240 hours in a functional literacy program
"not a high school diploma or a GED certificate."  Snider v. Daniels, 445
F.Supp.2d 1233 (USDC Oregon 2006).  The term "functional literacy program" in-
cludes an ESL program, as per §3624(f).  Appellant submits that he has com-
pleted 362 hours in the ESL program, 122 hours over the mandatory minimum re-
quired hours, fulfilling said statutory and regulatory obligation. Further,
he is a foreign national subject to an outstanding immigration detainer, per
8 USC 1226(a)(2)(A)(iii) that subjects him to removal for having committed a
aggravated felony.  28 CFR 523.20(d) provides that "nothwitstanding the re-
quirments of ¶ (b) and (c) of this section, an alien who is subject to a final
order of removal, deportation, or exclusion is...not required to participate
in a literacy program to be eligible for a yearly award of GCT." Dang v.
Warden Holt, 2012 Dist. Lexis 25318 (Court found alien to be exempt from
literacy program requirements under §523.20(d)).

Date: 8/21/13                                    Signature: _____

October 6, 2013

RECEIVED

OCT 17 2013

Administrative Remedy Office
Federal Bureau of Prisons

Osvaldo Reyes
68907-004
Federal Correctional Institution
P.O. Box 2000
Fort Dix, New Jersey 08640

Administrative Remedy Section
Office of General Counsel
Federal Bureau of Prisons
320 First Street, N.W.
Washington        D.C. 20534

Re:   721373-A1

Sir/Madam:

    This letter is in concern to the above-referenced appeal
matter.  I was notified by letter dated June 28, 2013, that this
Office had extended the time in which to respond to my appeal/
complaint until August 26, 2013.  Since I have not received any
notice or decision, I am writing to request a confirmation of
any decision made by this Office.  Please advise accordingly.

    I thank you for your time and consideration in this matter.

Sincerely,

Osvaldo Reyes

Osvaldo Reyes

**UNITED STATES GOVERNMENT**
**MEMORANDUM**
**FEDERAL BUREAU OF PRISONS**



DATE: October 25, 2013

REPLY TO
ATTN OF: National Inmate Appeals, Central Office

SUBJECT: Administrative Remedy Appeal 721373-A3

Name: Reyes, Osvaldo
Register No. 68907-004
Institution: Fort Dix FCI

\_\_\_1. Your appeal was answered on **(insert date)**. If you have not received your copy by now, you may ask the institution Administrative Remedy Coordinator to provide you with a copy from the Warden's Administrative Remedy File.

\_X\_2. We are in receipt of your Central Office Administrative Remedy Appeal **(721373-A3)** received on **(06-27-2013)**. In accordance with policy, if you do not receive a response within the time allotted for reply, including extension, you may consider the absence of a response to be a denial. **However**, each appeal accepted by this office will be responded to and you will be advised once the appeal is completed.

\_\_\_3. Our records indicate that the appeal you reference has not been filed with this office.

\_\_\_4. You have not provided sufficient information for us to respond to your inquiry. If your inquiry concerns an administrative remedy, please provide the case number, the date filed in this office or date mailed by you, your name and register number, and the subject of your administrative remedy. If you cannot provide all of this information, please provide as much as possible.

\_\_\_5. A review of your inquiry reveals it contains issues you should first bring to the attention of institution staff. If you are unable to resolve the issue(s) informally, you may present your complaint to the Warden via the Administrative Remedy Procedure. This procedure is available to inmates confined in federal facilities to complain about any aspect of their confinement.

\_\_\_6. Extensions are granted only if an inmate's submission is untimely by no fault of his own. Requests for extensions are only considered when submitted with the complete appeal packet.

\_\_\_7. Central Office Administrative Remedy Appeal responses are the final agency position. If you are dissatisfied with the response, you may pursue any legal recourse you deem appropriate.

\_\_\_8. We can only address issues within the jurisdiction of the Federal Bureau of Prisons. Your issue is one of _____ jurisdiction.

\_\_\_9. Your appeal was rejected and returned to you on _____.

\_x\_10. Other: Your appeal is still pending review and response.

5 de diciembre, 2006

Osvaldo Reyes
68907-004
Federal Correctional Institution
P.O. Box 7007
Marianna FL 32447

Cuban Interest Section and
Consulate
c-o  Embassy of Switzerland
2630 16 St. NW
Washington, D.C. 20009

Re:  Official school documents request

Senores y Senoras:

   Yo soy Osvaldo Reyes nacido en Cuba en 1971 en la Provincia de
Matanzas, hijo de Miriam Nunez y de Osvaldo Reyes.  Mi primaria la
pase en la escuela Martires de Goicuria y mi secundaria en Manuel
Sanguili, Terminando mi Bachillerato en Triumbirato en el pueblo de
Limonar.

   Sali de Cuba en el ano de 1994 por Guantanamo Cuba.  Llegando a los
estados unidos un ano despues en el 1995.  En el ano 2002 cai preso y
desde    Agosto de este ano estoy intentando comunicarme con el consulado
de Cuba, para mandar a buscar mi certificado de bachiller siendo asi
esta mi segunda carta.  Pues en el centro donde hoy me encuentro me estan
pidiendo mi grado escolar y necesito que por favor me ayuden con ese
tramite, ya que por razones de politica mis padres y yo no podemos entrar
libremente a la Isla.

                              Sinceramente
                              Osvaldo Reyes
                              Osvaldo Reyes.

Legal Mail

Osvaldo Reyes
68907-004
FCI Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640

U.S. District Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, Room 1050
Camden, New Jersey 08102-1570

RECEIVED
MAY 27 2014
AT 8:30_____M
WILLIAM T WALSH CLERK

SAT 24 MAY